FILED & JUDGMENT ENTERED
Christine F. Winchester

July 16 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| **KATHERINE DANIELLE DRYSDALE**, ) | Chapter 13 |
| ) | Case No.: 25-50200 |
| Debtor. ) | |
| ) | |

**ORDER DENYING MOTIONS TO RESTRICT PUBLIC ACCESS AND TO TEMPORARILY SEAL ENTIRE DOCKET**

**THIS MATTER** is before the court on the pro se Debtor's June 18, 2025 "Motion to Restrict Public Access to Bankruptcy Filings" ("Restricted Access Motion") and July 9, 2025 "Emergency Ex Parte Motion to (1) Temporarily Seal Entire Docket from PACER, (2) Restrict Future Public Posting, (3) Seal Specified Unredacted Filings, (4) Permit Redacted Re-filing, (5) Correct Intake Errors, and (6) for Related Relief" ("Motion to Temporarily Seal" and, with the Restricted Access Motion, "Motions").

When the Debtor commenced this case on June 18, 2025, she also filed the Restricted Access Motion, which seeks to prevent public access to all filings in this case pursuant to 11 U.S.C. § 107(b) and Federal Rule of Bankruptcy Procedure

9037. The court entered a Notice of Defective Entry or Filing on the same date because the Debtor did not notice a hearing on the Restricted Access Motion. The Debtor has not noticed a hearing to date. Instead, the Debtor filed the Motion to Temporarily Seal, which generally seeks the same relief as the Restricted Access Motion. The Debtor also did not notice a hearing on the Motion to Temporarily Seal.[*]

Generally, there is a right of public access to records such as court filings pursuant to the common law and the First Amendment. Mesabi Metallics Co. v. Cleveland-Cliffs, Inc. (In re ESML Holdings Inc.), 135 F.4th 80, 87 (3d Cir. 2025). The public right of access "protects the public's ability to oversee and monitor the workings of the federal courts" and "promotes the institutional integrity of the judiciary." Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 361 (W.D.N.C. 2014) (citations omitted). In bankruptcy cases, Congress codified the public right of access in section 107 of title 11 (a/k/a the Bankruptcy Code). See Mesabi, 135 F.4th at 94–97 (concluding that section 107 replaces the common law right of access in bankruptcy cases). Pursuant to section 107, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." § 107(a).

---

[*] The court's normal procedure for motions filed by pro se debtors that are not authorized to be filed ex parte by Local Rule 9013-1(f) is to enter a Notice of Defective Entry or Filing advising the Debtor that a notice needs to be filed in order for the court to hear the motion. If the pro se debtor does not timely file a notice of hearing, the court will typically notice the hearing for him so that the debtor can be fully heard before the court rules on the matter. In this situation, however, the Debtor has communicated that she does not want a hearing on the Motions and even accuses the court of violating its own rules, the Federal Rules of Bankruptcy Procedure, and the Bankruptcy Code by attempting to hold one, so the court will rule on the Motions without conducting a hearing.

2

Section 107 includes exceptions to its broad mandate of access by allowing protection "with respect to a trade secret or confidential research, development, or commercial information," "with respect to scandalous or defamatory matter," and for certain means of identification if the court determines there is an undue risk of identity theft.  § 107(b) & (c).  Similarly, Federal Rule of Bankruptcy Procedure 9037 seeks to protect individual privacy by requiring redaction of all but the last four digits of Social Security, taxpayer identification, and financial account numbers; the months and dates of birth dates; and the names of non-debtor minors other than their initials.  In short, the public right of access and the Bankruptcy Code require the disclosure of all filings on the dockets of bankruptcy courts with limited exceptions.

Contrary to the Code, the common law, and the First Amendment, the Debtor asks for a privacy regime in this case that defaults in the opposite direction with no exceptions.  The Restricted Access Motion asks the court to restrict public access to "all filings in this case," and the Motion to Temporarily Seal requests that the court "[s]eal the entire docket from public PACER access" and "[r]estrict future public posting of new filings to CM/ECF (no PACER publication)."  Even worse, the Debtor does not assert any basis for the requested relief that would not apply to most debtors in bankruptcy.  For example, the Debtor is not the only person with general "Identity Theft Concerns," and any parent would worry about "Danger to Minor Son," but the Debtor does not articulate any individualized concerns that are cognizable under section 107.  The Motion to Temporarily Seal gives lip service to

3

section 107 by asserting that the Debtor wants to "ensure the protection of future filings containing potentially scandalous and/or defamatory matter, as well as confidential commercial information about Debtor's income-producing real property," but the Debtor's proposed solution—a completely secret bankruptcy case—is overbroad by an order of magnitude. In addition, section 107 does not operate prospectively to protect debtors against the possibility of disclosure in the future, and the Debtor does not provide any additional detail about the scandalous and/or defamatory matter and confidential commercial information that she fears may be included in filings in the future. The Motions do not assert a valid basis to seal anything pursuant to section 107, and the Debtor's proposal to hide everything is a nonstarter.

The Debtor can and should make the limited redactions to her filings authorized by Federal Rule of Bankruptcy Procedure 9037 for privacy protection. If another party files or she needs to file a document containing subject matter covered by section 107(b) or (c), she can file a motion seeking to seal the particular document (and notice a hearing on it). Bankruptcy, however, is a public process, and the records of this court are available to the public. Accordingly, the Motions are hereby **DENIED**.

This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order.

United States Bankruptcy Court